ROBERT J. JORDAN v. A. E. FOXWORTH, Adm'r, etc.

1. PLEADINGS—PRACTICE.—Whatever might be the proper judgment upon a demurrer to a declaration for want of technical form, it is manifest that, after plea, issue in bar and demurrer to the evidence, it is too late to raise the exceptions.

2. DEMURRER TO EVIDENCE.—Office of demurrer to evidence considered, and rule repeated, citing 43 Miss. 184.

3. SAME—PRACTICE.—Where the plaintiff in *assumpsit* proved that, at the request of the defendant, though without any special contract for the amount of wages, he had been in defendant's employ for two years, the law raises an *assumpsit* upon the *quantum meruit;* and upon demurrer to the evidence, the judgment will be *quod recuperet,* and a writ of inquiry to ascertain the amount.

ERROR to the circuit court of Marion county.   MILL-SAPS, J.

The opinion of the court states the case sufficiently.

*Chrisman & Ford,* for plaintiff in error.

*Bentonville Taylor,* for defendant in error.

SIMRALL, J.:

The cause was submitted to the jury on the general issue. After the plaintiff had adduced his testimony, the defendant demurred upon the evidence, which demurrer was sustained.

The declaration is objected to as not setting out a cause of action. The declaration avers an engagement of the plaintiff by the defendant's intestate to perform the services; that they were rendered, and were worth, in

specie, to the defendant's intestate, the sum claimed. The infirmity imputed to the pleading is, that it fails to avers an *assumpsit* and promise to pay. Whatever might have been the decision upon a demurrer for that cause, it is manifest, after plea and issue in bar, and a demurrer upon the evidence, it is too late to raise the exception. Does not this declaration contain the essential requisites of the statute: "A statement of the facts constituting the cause of action in ordinary and concise language. If it contains sufficient matter of substance for the court to proceed upon the merits, it shall be sufficient." Rev. Code, 1857, art. 78, p. 491. There is a substantive cause of action stated so that the court could proceed to try the cause upon the merits.

We deliberately considered the office of the demurrer upon evidence in the case of Railroad Co. v. McArthur, 43 Miss. 184, in which we accepted the rule to be, "that the party demurring is bound to admit as true, not only all the facts found by the evidence introduced by the other party, but also all the facts which that evidence may fairly tend to prove." Applying that rule to the evidence in this case, and this fact is proved: that the plaintiff, at the instance of defendant's intestate, was in his service as overseer for the years 1863 and 1864, from which the law raises the *assumpsit* that the intestate should pay a reasonable compensation, there being no special contract fixing the amount, the award to the plaintiff should be determined by the *quantum meruit*.

The plaintiff having sustained the issue by the evidence, and proved that he had a cause of action, the judgment of the circuit court ought to have been for the plaintiff on the demurrer, and a writ of inquiry should then have been executed by the jury to ascertain what the services were reasonably worth. The cause will be remanded to the circuit court to make

that inquiry.   Although plaintiff claims coin in his declaration, the investigation will be conducted before the jury without reference to the specie value of the services rendered, but with a view of determining what shall be allowed the plaintiff in the legal currency of the United States, having reference to the reasonable worth of the plaintiff's services at the time they were performed.   It would be entirely competent for the jury to consider whether the parties contemplated payment in the currency in use at that time and what would be proper commutation into present currency. The time when the plaintiff was employed and the rate of compensation proved to be reasonable then, are proper subjects for consideration.

The judgment is reversed, and judgment here on the demurrer in favor of the plaintiff, and cause remanded for a writ of inquiry by the jury to assess the damages.